IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NYONI SEVERINO (#A094648844), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:18-cv-2043-G-BN |
| JIMMY JOHNSON, | § § § | |
| Respondent. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Nyoni Severino, then-detained at an ICE facility in this district, filed a *pro se* 28 U.S.C. § 2241 petition challenging his pre-deportation detention. *See* Dkt. No. 3. His case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The government filed a court-ordered response. *See* Dkt. Nos. 6, 10, & 11. Severino failed to file a reply within the time to do so. *See* Dkt. No. 6. And the government has now notified the Court that, on January 16, 2019, Severino was removed to Burundi. *See* Dkt. No. 16.

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a

party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting, respectively, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009), and *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

Severino's removal from the United States is such an event. *See, e.g., Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot." (citing *Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) ("Even if the district court retained subject matter jurisdiction over Chay's § 2241 petition to the extent that it challenged the continued lawfulness of Chay's post-removal-order detention, and not an order of removal, any such challenge is now moot because Chay has been removed from the United States." (citations omitted)))).

And, to the extent that the proof of Severino's removal from the United States is somehow mistaken, the period for filing objections to these findings, conclusions, and recommendation will provide him an opportunity to respond.

## Recommendation

The Court should dismiss this action as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE